IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WENDALL BUTLER,

Plaintiff,                    Civil No. 08-6270-TC

v.                        O R D E R

CITY OF EUGENE, OREGON, KELLY
PRUTCH, and DAVE LANE,

                          Defendants.

COFFIN, Magistrate Judge:

Plaintiff brings this action pursuant to Title VII and
42 U.S.C. §1981. Plaintiff worked as a custodian for the
City of Eugene from 1995 until his termination in 2007. He
is African American and alleges that he has been
discriminated against by his employer on several occasions

because of his race, retaliated against because of his complaints, and subjected to a hostile work environment.  He also asserts state law claims.

Presently before the court is defendants' motion (#36) for summary judgment.  As discussed in more detail below, the motion is allowed and this  action is dismissed.


### Standards for Summary Judgment

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The initial burden is on the moving party to point out the absence of any genuine issue of material fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial.  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.  Id. at 32.  There is also no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355 (1986); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989).

On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party.  Hector v. Wiens, 533 F.2d 429, 432 (9th Cir. 1976).  The inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  Valadingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).  Where different ultimate inferences may be drawn, summary judgment is inappropriate.  Sankovich v. Insurance Co. of North America, 638 F.2d 136, 140 (9th Cir. 1981).


## Factual Background

Plaintiff worked as a custodian for the City of Eugene from 1995 until his termination in 2007.

In December of 2004, plaintiff received a written
reprimand because he failed to call and inform his employer
that he would be late until an hour and twenty minutes into
his shift, coded eight hours of work for the day, left the
work-site without prior approval and skipped his breaks and
lunch without prior approval to do so.  Plaintiff had
already received a written reprimand in January of 2004 for
sleeping on paid work time.

In December of 2006, plaintiff was transferred from the
911 Call Center to the Eugene Public Library in response to
complaints from staff at the Call Center that plaintiff was
sleeping in the break room and that his personal cell phone
use was interfering with the 911 call operators.

In early 2007, plaintiff was investigated for insurance
misappropriation.  While the City's investigation on the
insurance misappropriation was pending, the City received
reports that plaintiff had engaged in additional misconduct.
The City concluded that plaintiff slept while on duty,
damaged City property and failed to report it, provided
misleading information during an internal investigation
regarding  the property damage,  used paid work time to
conduct personal business and then sought out and confronted
the employee who  reported him.  Plaintiff denied in a
general and conclusory manner  the validity of these
allegations in his response to defendants' concise statement

of material fact, but offered little in the way of specifics
with regards to the particular allegations in the response to
defendants' concise statement of facts  and in plaintiff's
memorandum in opposition to defendants' motion for summary
judgment.  Plaintiff did note in his response to defendants'
concise statement that on February 11, 2007, plaintiff
accidentally damaged a bookshelf in the library, forgot to
include the damage in his report, and when questioned about
it several days later, he admitted the damage and explained
that he simply forgot to report it.

As to plaintiff's insurance,  defendants state that both
plaintiff and his wife were initially covered on plaintiff's
insurance with the City.  In April of 2006, plaintiff
divorced his wife, but did not inform the City of the divorce
until August of 2006 when his ex-wife filed a restraining
order against him.  His divorce was a qualifying event which
would have terminated insurance coverage for his ex-wife in
April.  Between April and August plaintiff's ex-wife had a
number of medical procedures which were covered by the City's
insurance. After the City retroactively dropped plaintiff's
ex-wife's coverage she contacted the City and said that
plaintiff had told her he would keep her on the City's
insurance after the divorce until she could find a job with
insurance and that she should keep it a secret.  The City
began an investigation into whether plaintiff had

intentionally delayed telling the City about his divorce  in
order to allow his ex-wife to secure benefits to which  she
was not entitled.  The City concluded plaintiff had
intentionally delayed informing the City of his divorce and
that during the investigation he provided misleading
information.  P.p.1-2 of Defendants' Concise Statement of
Material Facts (#38).  Plaintiff denied in a general and
conclusory manner  the validity of these statements  in his
response to defendants' concise statement of material fact,
but offered little in the way of specifics with regards to
the particular statements in his response to defendants'
concise statement and in plaintiff's memorandum in opposition
to defendants' motion for summary judgment.  Plaintiff simply
stated that he agreed  that the City concluded that he was
misappropriating insurance benefits, denied that he actually
misappropriated benefits  and denied the remaining statements
made by defendant in this paragraph.  P. 1 of Plaintiff's
Response to Defendants' Concise Statement.

        Plaintiff was terminated on May 17, 2007 for
misappropriating insurance benefits, sleeping on paid work
time, damaging City property and failing to report it, and
filing misleading information during internal investigations.

Discussion

I.  Race Discrimination Claim

Plaintiff contends that he received differential treatment because of his race.

In order to establish a prima facie case of disparate treatment discrimination, plaintiff must offer evidence that gives rise to an inference of unlawful discrimination. Godwin v. Hunt Wesson, Inc., 150 F.3d 1217 (9th Cir. 1998)(quotations and citations omitted).  The requisite degree of proof necessary to establish a prima facie case for Title VII and §1981 on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence.  Id.  A plaintiff must establish the following elements for a prima facie case : 1)he is a member of a protected class; 2)he was performing his job satisfactorily; 3)he was subjected to an adverse employment action; and 4)he was treated differently than others outside the protected class.  Cleese v. Hewlett-Packard Company, 911 F.Supp. 1312, 1317 (D. Or. 1995); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

To prevail on a claim of disparate treatment in violation of Title VII, plaintiff must prove by a preponderance of the evidence that his race or color was the sole reason or a motivating factor for an adverse employment

action.  Costa v. Desert Palace, Inc., 299 F.3d 838, 847-48

(9th Cir. 2002).[1]  An individual suffers disparate treatment

when he is treated less favorably than others similarly

situated on account of race or color.  McGinest v. GTE

Service Corp., 360 F.3d 1103, 1121 (9th Cir. 2004); see also

Moran v. Selig, 447 F.3d 748, 753 (9th Cir. 2006)(plaintiff

must demonstrate that similarly situated employees not in his

protected class received more favorable treatment).  On

summary judgment, a plaintiff alleging a Title VII claim may

proceed under the framework set forth in McDonnell Douglas

Corp. v. Green, 411 U.S. 792, 802-04(1973), or may simply

produce sufficient evidence for the jury to determine by a

preponderance of the evidence that a discriminatory reason

motivated the employer.  McGinest, 360 F.3d at 1122, n. 16.

Under the McDonnell Douglas framework, if a plaintiff makes

out a prima facie case, defendant must then articulate a

legitimate reason for the action taken.  Once a reason is

articulated, plaintiff must ultimately show that the reason

is pretextual, i.e., that the reason is not the real reason

and, ultimately, that  the real determining reason for the

adverse action is discrimination.  "When the plaintiff offers

direct evidence of discriminatory motive, a triable issue as

to the actual motivation of the employer is created even if

the evidence is not substantial....  Direct evidence is

[1]

Similar analysis applies under  §1981 and Title VII.  See Fonseca
v. Sysco Food Systems of Arizona, Inc., 374 F.3d 840, 850 (9th
Cir. 2004).

evidence which, if believed, proves the fact of
discriminatory animus without inference or presumption."
Godwin v. Hunt Wesson, Inc., 150 F3d 1217, 1221(9th Cir.1998)
(quotations and citations omitted).  In those cases where
direct evidence is unavailable, however, the plaintiff may
come forward with circumstantial evidence that tends to show
that the employer's proffered motives were not the actual
motives  because they are inconsistent or otherwise not
believable.  Such evidence of "pretense" must be "specific"
and "substantial" in order to create a triable issue with
respect to whether the employer intended to discriminate on
an improper basis.  Id.  To satisfy his burden, and survive
summary judgment, plaintiff must produce enough evidence to
allow a reasonable fact finder to conclude either (a) that
the alleged reasons for the adverse employment decisions were
false, or (b) that the true reasons for the adverse
employment decisions were discriminatory ones.  Nidds v.
Schindler Elevator Corporation, 113 F.3d 912, 918 (9th  Cir.
1997).[2]

---

[2]

When an employer produces a legitimate non-
discriminatory reason for an adverse action against a
plaintiff who is a member of a protected class, the
choice of the two approaches listed above has little
significance.  McGinest 360 F.3d at 1123.  Under
either approach, the plaintiff must produce sufficient
evidence for a reasonable juror to find, despite the
defendant's evidence, that the defendant intended to
discriminate against the plaintiff.  Id.

Plaintiff's disparate treatment claims under Title VII and §1981 are similar and the underlying allegations are the same.  The limitations period for §1981 claims is more generous than the limitations period for Title VII claims and, as such, this court will apply the §1981 limitations period for the purpose of analyzing defendants' motion. Defendants state and plaintiff has not disputed that the applicable statute of limitations cut-off for plaintiff's § 1981 claims is August 26, 2004.  Although plaintiff contends that a continuing violations theory is available for his disparate treatment, retaliation and hostile environment claims, the United States Supreme Court has rejected the "continuing violations" doctrine  for disparate treatment and retaliation claims and has only allowed it for hostile environment claims.  See National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002).  Any of plaintiff's allegations of disparate treatment (and retaliation) prior to August 26, 2004 are barred as claims.[3]

---

[3]

This Court has also reviewed plaintiff's allegations outside the limitations period in considering, among other things, racial animus.  For example, plaintiff states in his declaration that once  he was adjusting the height of his chair in a meeting with his supervisor Kelly Prutch and Prutch said "what are you doing , King Kong?" Plaintiff stated in his declaration that King Kong is a big black gorilla and he was extremely offended by this reference.    This allegation is well outside the statute of limitations , Howell Declaration(#48), Exh. 3,  there  is no indication that this type of allegation was frequent, Prutch was not the decision maker in many of the

(continued...)

Plaintiff's counsel stated at oral argument that the allegations of disparate treatment that occurred after August 26, 2004 are: changes in plaintiff's work schedule in 2005; a transfer of plaintiff to the library in 2006; a denial of a request for outside employment in 2007; and the termination of plaintiff's employment in 2007.[4]  As discussed in more detail below, these allegations, with  all things considered, do not amount to claims that can go to a jury.

<u>Changes in Work Schedule</u>

Plaintiff's work schedules were changed by his supervisor Kelly Prutch in 2005.  Prutch filed a declaration stating that the changes were a result of either his requests, the

_____

[3](...continued)
alleged adverse actions and there is no indication she influenced the decisionmakers.  As discussed above, all things considered, it not appropriate for any of plaintiff's claims to go to a jury.

[4]
These are the acts plaintiff's counsel asserted he was relying on for his §1981 claim when he was asked by the court at oral argument.  This court has considered all applicable acts, e.g., plaintiff's written reprimand for being late in December of 2004,  and found even if  plaintiff made out a prima facie case, defendant has  articulated  legitimate reasons for the actions taken and plaintiff has not adequately shown with direct evidence or specific and substantial circumstantial evidence that defendant's reasons are pretextual.  <u>See</u> <u>Godwin</u>,<u>supra</u>, 150 F.3d at 1221. Plaintiff has not produced enough evidence to  allow a reasonable fact finder to conclude either (a) that the alleged reasons for the adverse employment decisions were false, or (b) that the true reasons for the adverse employment decisions were discriminatory ones. As such, plaintiff has not satisfied his burden, and cannot survive summary judgment.  <u>Nidds v. Schindler</u> <u>Elevator Corporation</u>, 113 F.3d 912, 918 (9th  Cir. 1997).

operational needs of defendants or the transfer to the
library(such transfer is discussed below.) Prutch also stated
that the schedule changes were not motivated by plaintiff's
race or complaints of race discrimination and that the work
schedules of other lead custodians' were changed as well.

In response, Plaintiff merely states in a general fashion
that Prutch changed his schedule several times  in an effort
to have him lose his second job.  P. 3 of Butler Declaration.
 Plaintiff does not address the legitimate reasons defendants
articulated for the changes in schedule  or how he knows
Prutch's motivation or that other custodians' schedules were
also changed.

Plaintiff has not established with the minimal proof
necessary that he was treated differently than others outside
his protected class, and , as to the schedule change arising
from the library transfer, that he was performing his job
satisfactorily .  As such, he has failed to state a prima
facie case and his claim fails.

Even if  plaintiff made out a prima facie case,
defendant has  articulated  legitimate reasons for the
actions taken and plaintiff has not adequately shown with
direct evidence or specific and substantial circumstantial
evidence that defendant's reasons are pretextual.  <u>See</u>
<u>Godwin</u>,<u>supra</u>, 150 F.3d at 1221. Plaintiff has not produced
enough evidence to  allow a reasonable fact finder to

12 - ORDER

conclude either (a) that the alleged reasons for the adverse employment decisions were false, or (b) that the true reasons for the adverse employment decisions were discriminatory ones.  As such, plaintiff has not satisfied his burden, and cannot survive summary judgment.  <u>Nidds v. Schindler Elevator Corporation</u>, 113 F.3d 912, 918 (9th  Cir. 1997).


<u>Library Transfer</u>

Defendants state that plaintiff was transferred from the 911 Call Center to the library in 2006 in response to complaints from staff at the Center that plaintiff was sleeping in the break room and his personal cell phone use was interfering with 911 operators.  Paragraph 4 of Sutton Declaration; Paragraph 5 and 6 of Prutch Declaration.

Plaintiff's response to defendants' concise statement of material facts accepted that  "these were the witnesses' statements" and did not deny or attempt to supplement the facts.  Plaintiff's counsel did not address the matter in his opposition brief or at oral argument.    Plaintiff has not established with the minimal proof necessary that he was treated differently than others outside his protected class, and that he was performing his job satisfactorily .  As such, he has failed to state a prima facie case and his claim fails.

Even if  plaintiff made out a prima facie case, defendant has  articulated  legitimate reasons for the

actions taken and plaintiff has not adequately shown with direct evidence or specific and substantial circumstantial evidence that defendant's reasons are pretextual.  See Godwin, supra, 150 F.3d at 1221. Plaintiff has not produced enough evidence to  allow a reasonable fact finder to conclude either (a) that the alleged reasons for the adverse employment decision were false, or (b) that the true reasons for the adverse employment decision were discriminatory ones. As such, plaintiff has not satisfied his burden, and cannot survive summary judgment.   Nidds v. Schindler Elevator Corporation, 113 F.3d 912, 918 (9th  Cir. 1997).


Denial of Request for Outside Employment

    In addition to his employment with the City, plaintiff was employed by Lane  Community College for eight years.  The City had consented to the arrangement.  Plaintiff was laid off from the Community College in June of 2006.  He was recalled by the College in November of 2006.  The City required plaintiff to fill out an outside employment form which he submitted in December of 2006.  Plaintiff's  request for outside employment was denied in January of 2007. Facility Operations/Maintenance Manager Ron Sutton denied plaintiff's request to hold a full-time job at Lane Community College in addition to his full-time job for the City.

14 - ORDER

Defendants asserted that plaintiff had no evidence that similarly situated individuals were treated more favorably than plaintiff. In response, plaintiff identified David Sheets, David Smith, Andy Rising and Mike Taylor as similarly situated employees who were treated differently than him when he was denied outside employment. However, plaintiff did not explain how these individuals were similarly situated. As noted by defendants in  their Reply, plaintiff did not explain, for example, any of the following:  whether the individuals named   submitted requests for outside employment; whether they were full or part-time; whether they were requesting to work 16 hour shifts like plaintiff; if the City approved those requests; if the City even knew of their second jobs; who at the City approved any request; and whether those employees were being investigated for reports of sleeping on the job at the time they made their requests. He simply stated they "worked second jobs." Paragraph 10 of Butler Declaration. Defendants also noted in their Reply that Mike Taylor was the only individual that plaintiff identified as working full-time in his deposition,  and that the City demonstrated that Taylor was not a City employee, did not submit an outside employment request, and the City did not know of or approve any outside employment.  Paragraph 7 of Sutton Declaration, Paragraph 11 of Prutch Declaration. Although this Court asked plaintiff's counsel several specific questions regarding these matters at oral argument,

15 - ORDER

the responses did not bear fruit for plaintiff. This Court
also specifically asked if plaintiff disputed if Sutton
received complaints of plaintiff sleeping on the job or if
there was a dispute in the record regarding plaintiff
sleeping on the job, but , like before, the responses were
not adequate to create a genuine issue of fact.

Plaintiff was offered the opportunity at oral argument to
supplement the record with evidence regarding the denial of
plaintiff's request for outside employment. Plaintiff was
warned that another affidavit that simply stated he
believed that outside employment was allowed for Caucasians
would not be helpful, but that specifics regarding the matter
were required, and, further, that plaintiff should indicate
if the other employees were from his same department.
Plaintiff submitted a supplemental declaration simply stating
that several Caucasian employees worked second jobs and that
those employees included Sheets, Smith, Rising and Taylor and
that they all worked in the same department as he did.[5]

While the burden is on the party seeking summary
judgment to show that there are no genuine issues of fact,
the party opposing summary judgment "may not rest upon the
mere allegations ... of the...party's pleading, but the ...

---

[5]

Plaintiff also offered a copy of the City's policy on outside
employment. Such actually supports defendants' position as it
states that in order to be approved for outside employment the
outside employment must not detract from the efficiency of the
employee in his work, and that permission to hold outside
employment may be revoked at any time.

response ... must set forth specific facts showing that there is a genuine issue for trial.  If the ... party does not so respond, summary judgment, if appropriate, shall be entered against the ... party."  Fed. R. Civ. P. 56(e).

Plaintiff's latest submissions are vague, conclusory and without foundation. Fed. R. Civ. P. 56 (e) states that affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  An affidavit will not defeat summary judgment if it contains no more than conjecture, conclusory allegations as to ultimate facts, or a scintilla of evidence insufficient to support a jury verdict. See, e.g., Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989); Thornhill Publishing Co., Inc. v. Telephone & Elec. Corp., 594 F.2d 730, 738 (9th Cir. 1979); Tayler v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Perez de la Cruz v. Crowly Towing & Transportation Co., 807 F.2d 1084, 1086 (1st Cir. 1986), cert. denied, 481 U.S. 1050 (1987).

Plaintiff's affidavit does not set forth specific facts showing that there is a genuine issue for trial.  The affidavit is vague, conclusory and without foundation and does nothing to overcome defendant's motion for summary judgment.

Plaintiff has not established with the minimal proof necessary that he was treated differently than others outside

his protected class, and that he was performing his job satisfactorily . As such, he has failed to state a prima facie case and his claim fails.

Even if plaintiff made out a prima facie case, defendant has articulated legitimate reasons for the actions taken and plaintiff has not adequately shown with direct evidence or specific and substantial circumstantial evidence that defendant's reasons are pretextual. <u>See Godwin</u>, <u>supra</u>, 150 F.3d at 1221. Plaintiff has not produced enough evidence to allow a reasonable fact finder to conclude either (a) that the alleged reasons for the adverse employment decision were false, or (b) that the true reasons for the adverse employment decision were discriminatory ones. As such, plaintiff has not satisfied his burden, and cannot survive summary judgment. <u>Nidds v. Schindler Elevator Corporation</u>, 113 F.3d 912, 918 (9th Cir. 1997).

<u>Termination</u>

As previously noted, defendants articulated several legitimate reasons for plaintiff's termination and plaintiff has not adequately shown with direct evidence or specific and substantial circumstantial evidence that defendant's reasons are pretextual. <u>See Godwin</u>, <u>supra</u>, 150 F.3d at 1221. Plaintiff has not produced enough evidence to allow a reasonable fact finder to conclude either (a) that the alleged reasons for the adverse employment decision were

false, or (b) that the true reasons for the adverse
employment decision were discriminatory ones.  As such,
plaintiff has not satisfied his burden, and cannot survive
summary judgment.  Nidds v. Schindler Elevator Corporation,
113 F.3d 912, 918 (9th  Cir. 1997).


II. Retaliation Claim

     Plaintiff contends that he was retaliated against
because of his complaints regarding race discrimination.
Title VII declares:

     It shall be an unlawful employment practice for an
     employer to discriminate against any of his
     employees ... because [the employee] has opposed any
     practice made an unlawful employment practice by
     this [title], or because he has made a charge,
     testified, assisted, or participated in any manner
     in an investigation, proceeding or hearing under
     this [title].

42 U.S.C §2000e-3(a).

     In order to establish a prima facie case of retaliation,
plaintiff must show that he engaged in protected activity,
that he was thereafter subjected by his employer to an
adverse employment action, and that a causal link exists
between the two.  Cohen v. Fred Meyer, Inc., 686 F.2d 793,796
(9th Cir. 1982); Jordan v. Clark, 847 F.2d 1368, 1376 (9th
Cir. 1988).

     Defendants asserted in their motion that many of
plaintiff's grievances did not mention race or color.
Defendants also asserted in their motion that there is no

causal link between a protected activity and an adverse
employment action.  Plaintiff did not address defendants'
contentions in his opposition.

Plaintiff's retaliation claims fail because plaintiff
has failed to establish a prima facie claim of retaliation,
and even if he did, plaintiff has not adequately shown that
defendants' legitimate reasons for their employment actions
were pretextual.  Plaintiff offers no direct evidence of an
improper retaliatory motive and has not come forward with
specific and substantial circumstantial evidence of pretense
that tends to show that defendant's proffered motives were
not the actual motives because they are inconsistent or
otherwise not believable. See Godwin, supra, 150 F.3d at 1221.
 Plaintiff has not produced enough evidence to  allow a
reasonable fact finder to conclude either (a) that the
alleged reasons for the adverse employment decisions were
false, or (b) that the true reasons for the adverse
employment decisions were improper ones.  As such, plaintiff
has not satisfied his burden, and cannot survive summary
judgment.  Nidds v. Schindler Elevator Corporation, 113 F.3d
912, 918 (9th  Cir. 1997).

III.  Hostile Work Environment Claim

Plaintiff contends that he was subjected to a hostile

work environment.

The Ninth Circuit Court of Appeals has addressed hostile

work environments and concluded that conduct which

unreasonably interferes with work performance can alter a

condition of employment and create an abusive work

environment.  The court reasoned:

> The Supreme Court in Meritor [Meritor
> Savings Bank v. Vinson, 477 U.S. 57, 65, 106
> S.Ct. 2399, 2404-05 (1986)] explained that
> courts may properly look to guidelines
> issued by the Equal Employment Opportunity
> Commission (EEOC) for guidance when
> examining hostile environment claims of
> sexual harassment.  The EEOC guidelines
> describe  hostile environment harassment as
> 'conduct [which] has the purpose or effect
> of unreasonably interfering with an
> individual's work performance or creating an
> intimidating, hostile, or offensive working
> environment.  The EEOC, in accord with a
> substantial body of judicial decisions, has
> concluded that 'Title VII affords employees
> the right to work in an environment free
> from discriminatory intimidation, ridicule,
> and insult.'
> The Supreme Court cautioned, however, that
> not all harassment affects a "term,
> condition, or privilege" of employment
> within the meaning of Title VII.  For
> example, the 'mere utterance of an ethnic or
> racial epithet which engenders offensive
> feelings in an employee' is not , by itself,
> actionable under Title VII.  To state a
> claim under  Title VII, sexual harassment
> 'must be sufficiently severe or pervasive to
> alter the conditions of the victim's
> employment and create an abusive working
> environment.'

Ellison v. Brady, 924 F.2d 872, 876 (9th Cir. 1991)(citations omitted).

In Harris v. Forklift Systems, Inc., 114 S. Ct. 367, 371 (1993), the Supreme Court stated:

> [W]hether an environment is 'hostile' or
> 'abusive' can only be determined by looking
> at all the circumstances.  These may include
> the frequency of the discriminatory conduct;
> its severity; whether it is physically
> threatening or humiliating, or a mere
> offensive utterance; and whether it
> unreasonably interferes with an employee's
> work performance.

This District has held that "more than a few isolated incidents of harassment must have occurred.  Racial comments that are merely part of casual conversation ... are accidental, or sporadic do not trigger Title VII protections." Haskins v. Owens-Corning, 811 F. Supp. 534, 536 (D. Or. 1990); accord Snell v. Suffolk County, 782 F.2d 1094, 1103 (2nd Cir. 1986).

This court agrees  with defendants' analysis and conclusion that plaintiff's hostile environment allegations are not actionable as they are largely time-barred and do not constitute a continuing violation.  Moreover,  they do not have the required severity or frequency to be actionable, See Ellison; Harris;Haskins, and the denial of outside employment and the investigation leading to plaintiff's termination do

not amount to a actionable hostile work environment in the circumstances of this action.

IV. State Claims

Plaintiff's discrimination claim under ORS 659A.030 and common law wrongful discharge claim fail for the reasons stated above and for the reasons stated at p. 9-10 and p. 12-13 of defendants' Reply.

Plaintiff's claim for intentional infliction of emotional distress is largely time barred and plaintiff has not adequately established  for the purposes of this motion that an extraordinary transgression of socially tolerable behavior occurred.  Plaintiff's claim for reckless infliction of emotional distress fails for the same reasons.

All of plaintiff's other arguments in opposition to defendants' motion for summary judgment have been considered and found unpersuasive.

### Conclusion

Defendant's motion (#36) for summary judgment is allowed and this action is dismissed.

DATED this ___13+___ day of April, 2010.

_____
THOMAS M. COFFIN
United States Magistrate Judge